Susan KLEIN fka Susan Shuster, Individually and as Administratrix of the Estate of Daniel M. Shuster and for and in Behalf of the Heirs of Daniel Shuster

v.

Mark D. SOLOMON et al.

No. 97–227–Appeal.

Supreme Court of Rhode Island.

June 16, 1998.

2. We note that there is no provision in the Superior Court Rules of Civil Procedure for a "motion to merge pleadings."

Edward J. Mulligan, Lincoln, for Plaintiff.

Christopher H. Little, Providence, for Defendant.

Before WEISBERGER, C.J., and BOURCIER, FLANDERS and GOLDBERG, JJ.

## PER CURIAM.

This case came before the Court on May 5, 1998, pursuant to an order directing the plaintiff, Susan Klein (Klein), to appear and show cause why the issues raised in her appeal from the entry in the Superior Court of a final judgment as a matter of law in favor of the defendant, Brown University (Brown), should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in this appeal will be decided at this time.

Daniel Shuster (Daniel), the youngest of Klein's three sons, began having psychological problems at an early age. When Daniel was four or five years of age, one of his friends died unexpectedly. As a result, Daniel developed obsessive thoughts that were later diagnosed as symptomatic of obsessive-compulsive disorder.[1] This disorder manifested itself in Daniel in the compulsive need to touch items to make certain they did not move. Daniel also became overly concerned that his deceased childhood friend was being exposed, while buried, to contaminated ground water, particularly sewer water. Consequently, Daniel developed an aversion to disposing of materials and instead collected refuse in a garbage bag he kept in his bedroom. Around that same time Daniel's parents divorced, which was painful to Daniel and only accelerated his psychological decline. Daniel, because of his psychological problems, eventually sought treatment from professionals.

When it came time for Daniel, who was very accomplished scholastically, to go to college, he chose Brown, partly because of the psychological and psychiatric services it offered. Shortly after starting at Brown in the fall of 1987, Daniel sought the guidance of Ferdinand Jones (Jones), a psychologist and a professor of psychology at Brown. During Daniel's initial and subsequent appointments with Jones, Jones took a psychological history of Daniel and discovered that Daniel was suffering from "anxiety and dread" and that "he was depressed" and "also had some suicidal fantasies." Jones learned that suicidal fantasies were not new to Daniel and that his depression and suicidal thoughts constituted "a pattern that he [Daniel] was familiar with. It has existed since elementary school virtually." Daniel also told Jones that he was not comfortable dating and did not feel that he was ready yet for such social situations. Despite these obvious warning signals that should have alerted Jones to Daniel's predilection for suicide, Jones saw Daniel just three times, in keeping with Brown's policy that its psychological services be available only for short-term care. At the third meet-

---

1. There is some testimonial evidence in the record suggesting that Daniel's father also suffered from obsessive-compulsive disorder and that Daniel's grandmother suffered from a psychological disorder as well.

ing Jones gave Daniel a list of four people that he could contact for further treatment.[2] None of those four people were psychiatrists, and in fact only three were psychologists. None specialized in suicide prevention. Daniel chose Mark Solomon (Solomon), whose specialty was in eating disorders.

Solomon treated Daniel for over two years. Daniel then terminated his treatment with Solomon and two weeks later committed suicide.

On March 8, 1993, exactly three years to the day after Daniel had committed suicide, Daniel's mother, Klein, filed a complaint against Brown and Solomon, alleging negligent treatment by Solomon and negligent referral by Jones, as an agent of Brown. The complaint also alleged that Brown was liable under the theory of respondeat superior because of Solomon's alleged negligence. Prior to trial Klein's claim against Solomon was settled, and the trial proceeded on the two allegations raised against Brown. The trial justice thereafter granted Brown's motion for judgment as a matter of law with respect to whether Solomon was an employee of Brown, thereby precluding recovery against Brown on the basis of respondeat superior. The trial justice also, at the close of Klein's case and after excluding the testimony of one of Klein's expert witnesses on causation, granted Brown's motion for judgment as a matter of law on the issue of whether Jones was negligent in his referral of Daniel to other mental health professionals who could not prescribe medication and who were not specialists in suicide prevention. Klein appealed from both of those final judgments.

■ A judgment as a matter of law may be granted when there is no legally sufficient evidentiary basis for a reasonable jury to find for the party opposing the motion on a material trial issue. Super.R.Civ.P. 50(a). We conclude that the trial justice erred in this case and that legally sufficient evidence existed in the record on the issue of Jones's alleged negligent referral. Jones wrote in his notes from his scheduled appointments

with Daniel that Daniel had suicidal fantasies and that he was depressed and anxious. That evidence would be enough to put Jones on notice of Daniel's potential for suicide. A jury certainly could have reasonably concluded that Jones was negligent in failing to refer Daniel to someone qualified in suicide prevention or to someone who could prescribe medication for Daniel that would reduce his suicidal inclinations. Accordingly, the trial justice erred in concluding that there was no legally sufficient evidentiary basis for the jury to find for Klein on the issue of negligent referral. Submission of that issue to the jury on the facts present in the record before us was warranted. We perceive no error, however, regarding the trial justice's entry of final judgment against Klein on the issue of whether Solomon was an employee of Brown.

For all the foregoing reasons, Klein's appeal is sustained in part and denied in part. The judgment appealed from is affirmed in part and vacated in part. The papers in this case are remanded to the Superior Court for further proceedings on the issue of whether Jones was negligent in making his referral of Daniel for treatment.

LEDERBERG, J., did not participate.

---

2. During Daniel's treatment by Jones, Daniel's roommate died unexpectedly in a car accident over winter break. This second major tragedy in his life placed additional stress on Daniel in his already deteriorating mental state.